The **DELAWARE AND HUDSON RAIL-ROAD CORPORATION, Plaintiff,**

**Boston and Maine Corporation,**
**Intervening Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant,**

**Interstate Commerce Commission,**
**Intervening Defendant.**

**No. 67 Civ. 2451.**

United States District Court
S. D. New York.

July 26, 1967.

See also D.C., 279 F.Supp. 316.

Shea & Gardner, Washington, D. C., for trustees of property of Central Railroad of New Jersey, debtor, William H. Dempsey, Jr., Washington, D. C., of counsel.

Gordon P. MacDougall, Washington, D. C., for City of Scranton and Milton J. Shapp.

Richard J. Lally, New York City, for Central Railroad of New Jersey.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for Norfolk & Western Railway, Frank H. Heiss, New York City, of counsel.

Migdal, Low, Tenney & Glass, New York City, for New Haven Bondholders Committee, Lawrence W. Pollack, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for Erie-Lackawanna Railroad, Thomas D. Barr, and Eldon Olson, New York City, of counsel.

Hogan & Hartson, Washington, D. C., for Boston & Maine Corp., Edward A. McDermott and James A. Belson, Washington, D. C., of counsel.

Gerald E. Dwyer, New York City, for New York Central Railroad Company, James B. Gray, and J. H. Shapiro, New York City, of counsel.

Robert W. Ginnane, and Fritz R. Kahn, Washington, D. C., for Interstate Commerce Commission.

Conboy, Hewitt, O'Brien & Boardman, New York City, for The Pennsylvania Railroad Company, Hobart L. Brinsmade, David J. Mountan, Jr., New York City, and Windsor F. Cousins, Philadelphia, Pa., of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Brian J. Gallagher, Asst. U. S. Atty., for the United States and Interstate Commerce Commission.

Howard E. Shapiro, and William R. Weissman, Attys., Department of Justice. Richard B. Wachenfeld, Hoboken, N. J., for the Central R. R. Co. of New Jersey.

Sidley & Austin, Chicago, Ill., for Norfolk & Western Railway Co., Howard J. Trienens, Chicago, Ill., of counsel.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for Delaware & Hudson Railroad Corp., Harry G. Silleck, Jr., New York City, of counsel.

Before FRIENDLY, Circuit Judge, and WEINFELD and LEVET, District Judges.

PER CURIAM.

The United States of America and the Interstate Commerce Commission have moved this Court to establish an expedited briefing schedule in this action; appended to their motion is a copy of the Amended Pre-Trial Order of the District Court for the Western District of Virginia in Norfolk and Western Railway Co. v. United States of America, Civil Action No. 67–C–51–R. We note the statement of the two judges signing this order that it appeared to them "that the issues raised in this action should be litigated in the United States District Court for the Southern District of New York," and the continuance of the Virginia action for a hearing by the full court including that issue on September 26, 1967. We note also that in directing the continuance the court made clear that this "shall not be construed to prevent or delay consideration by the United States District Court for the Southern District of New York of all the issues raised in this action" and provided that "any party may file copies of the brief which it has filed on the same issues in the Southern District of New York in lieu of filing original briefs in this action."

In light of the evident belief of the two judges in the Western District of Virginia that we should go forward with this action and of the Supreme Court's mandate for expedited hearing and early determination, we think it is incumbent on us to set a schedule that will permit our deciding this action as soon as feasible. To that end it is

ORDERED that the parties observe the following schedule, which is identical with that established by the District Court for the Western District of Virginia:

(a) Plaintiff and intervening plaintiffs are directed to file any supplemental complaints on or before August 7, 1967, or 7 days following service of the order of the Commission on Petitions for Reconsideration, in Finance Docket No. 21510, Norfolk and Western Railway Co. and New York, Chicago and St. Louis Railroad Co.—Merger, etc., whichever date is later.

(b) Defendant and intervening defendants are directed to file their answers, together with such additional pleadings as may be deemed proper, on or before August 14, 1967, or 14 days following service of the order of the Commission on Petitions for Reconsideration, whichever date is later.

(c) Plaintiff and intervening plaintiffs may file responsive pleadings if they deem it advisable on or before August 21, 1967, or 21 days following service of the order of the Commission on Petitions for Reconsideration, whichever date is later.

(d) No additional motions or pleadings may be filed thereafter except by leave of court for good cause shown.

(e) Proposed exhibits, if any, must be filed with the Clerk of the court on or before August 21, 1967, or 21 days following the service of the order of the Commission on Petitions for Reconsideration, whichever date is later. Formal proof of exhibits will be waived unless objected to in writing on or before September 11, 1967, or 42 days following service of the order of the Commission on Petitions for Reconsideration, whichever is later.

(f) The brief of plaintiff and intervening plaintiffs should be filed on or before August 18, 1967, or 18 days following service of the order of the Commission on Petitions for Reconsideration, whichever date is later. The brief of defendant and intervening defendants should be filed on or before September 8, 1967, or 39 days following the service of the order of the Commission on Petitions for Reconsideration, whichever is later. Reply briefs, if any, should be filed on or before September 19, 1967, or 50 days following the service of the

order of the Commission on Petitions for Reconsideration, whichever date is later. In the event the hearing is set at an earlier date, reply briefs should be filed on or before the hearing date.

The United States and the Commission have also moved for an order under F.R. Civ.P. 19(a) to join the Norfolk & Western as a plaintiff. We see no reason to doubt that such joinder comes within the words and the evident purpose of the greatly broadened provisions of the first sentence of amended Rule 19(a). We are not persuaded that the last sentence of the rule creates an obstacle; joinder of the N & W as an additional party plaintiff would not "render the venue of the action improper." Here venue rests on the act of the D & H in bringing this action and the defendants' waiver of venue objection; joinder of an additional plaintiff does not defeat venue under 28 U.S.C. § 1398.[1] The motion is therefore granted on condition that such joinder shall not prejudice any contention the N & W may wish to make in any court that the Western District of Virginia is the appropriate forum for review of the inclusion order. Since, in addition to challenging the inclusion order, the Norfolk & Western will doubtless oppose the claims made by the Delaware & Hudson and the Boston & Maine, it may file an additional brief on that issue on or before the date fixed for the filing of briefs by defendants.

The D & H and the B & M also occupy a dual position, as plaintiffs attacking the adequacy of the consideration afforded by the Commission and as defendants answering the N & W's position that the consideration is excessive. Accordingly they also may file an additional brief as defendants answering any such arguments. If Erie-Lackawanna should seek intervention as a defendant, its application will be granted and it may file a brief as such.

On the assumption that the Interstate Commerce Commission will rule on the petitions for reconsideration by mid-August, the action is tentatively set for final hearing, see F.R.Civ.P. 65(a) (2), on September 28, 1967, at 10 A. M.

1. The final sentence of the rule seems to have been framed in the light of the then venue provisions as to diversity actions, 28 U.S.C. § 1391 (a).